IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MINDEN SUE WHITE,<br><br>                Plaintiff,<br><br>     v.<br><br>AMEDISYS HOLDING, LLC, a foreign corporation, doing business as Amedisys Home Health Care; and DINDY BROCK, an individual<br><br>                Defendants. | Case No. 3:12-cv-01773-ST<br><br>FINDINGS AND RECOMMENDATION |

STEWART, Magistrate Judge:

## **INTRODUCTION**

This case arises out of the termination of employment of plaintiff, Minden Sue White ("White"), by her former employer, defendant Amedisys Holding, LLC ("Amedisys"). On August 28, 2012, White filed a Complaint in Multnomah County Circuit Court for the State of Oregon, Case No. 1208-10877, alleging various employment discrimination and retaliation claims under Oregon law against Amedisys and one of its employees, defendant Cindy Brock

1 - FINDINGS AND RECOMMENDATION

("Brock").  On October 1, 2012, defendants timely filed a notice of removal pursuant to 28 §§ USC 1441 and 1446, asserting diversity jurisdiction under 28 USC § 1332.  White is a resident and presumed citizen of Oregon.  Complaint, ¶ 2.  Amedisys is a limited liability corporation incorporated under the laws of Louisiana and a wholly owned subsidiary of Amedisys, Inc., a Delaware corporation with its principal place of business in Baton Rouge, Louisiana.  Notice of Removal, p. 3.  Brock is a resident and citizen of Oregon.  *Id.*  Since White and Brock are citizens of the same state, diversity jurisdiction would normally be precluded.  *Id.*  However, Amedisys contends that removal was proper because Brock was fraudulently joined as a defendant.  *Id.*

Contending that Brock is a proper defendant under Oregon law, making complete diversity impossible, White has filed a Motion to Remand this case back to state court (docket # 6).  For the reasons set forth below, that motion should be granted, and this case should be remanded to state court.

## ALLEGATIONS

Starting on July 14, 2008, White, an African-American Licensed Practical Nurse, worked as a Home Care Provider for homebound individuals or individuals needing nursing services on a contract basis through Amedisys, a contractor providing nursing care and facilities in Oregon.  Complaint, ¶¶ 2, 7.  White was supervised by Theresa House; the business Office Manager was Cathy Mainard; and Brock was the Director of the Facility for the Division.  *Id*, ¶ 8.[1]  At a meeting on February 16, 2012, White was urged by her (unidentified) supervisors to adjust the manner in which she reported and tallied calls on individual clients so as to double visits in a manner which would result in a double billing or an extra billing that Amedisys could pass on to

Medicare for reimbursement. *Id,* ¶ 9. She protested this reporting procedure as a fraud in that it was designed merely to extract additional payments from Medicare and refused to comply. *Id.*

White was subjected to write-ups, discipline, and retaliation as a result of her failure and refusal to cooperate with what she believed to be a fraudulent reporting practice. *Id*, ¶ 10. In part due to her refusal to comply and in part due to her race, she was held to a report transmission standard that other nurses were not required to meet. *Id*, ¶ 11. After refusing to falsely report, she was disciplined for what management viewed as her failure to properly submit transmissions. *Id*, ¶ 12. Thereafter, she was suspended and then terminated as of April 2, 2012, in violation of the progressive discipline policy. *Id*, ¶ 13.

The Complaint alleges five claims for relief. The First Claim for Relief alleges that Amedisys created a racially hostile work environment in violation of ORS 659A.030(1)(b). The Second Claim for Relief alleges retaliation by Amedisys under ORS 659A.030(1)(f). The Third Claim alleges that Amedisys terminated White in violation of ORS 659A.199 for reporting in good faith a violation of state and/or federal law, rule or regulation by Brock requesting her to falsify health related visit records. White also seeks to hold Brock liable under the first two claims pursuant to ORS 659A.030(1)(g) for aiding, abetting, compelling or coercing unlawful conduct (Complaint, ¶¶ 19, 31) and also alleges a separate Fifth Claim for Relief against Brock on that same basis. At oral argument, White conceded that the Fifth Claim is duplicative of the first two claims against Brock. The Fourth Claim for Relief alleges that Amedisys wrongfully discharged White.

///

---

[1] At oral argument, White's attorney clarified that Brock was one of her three supervisors.

3 - FINDINGS AND RECOMMENDATION

## **LEGAL STANDARD**

Subject to strict time constraints, defendants in a state court action may remove that action to federal court when the case could have originally been brought in federal court. 28 USC §§ 1441, 1446(b). One basis for federal court jurisdiction is the complete diversity of all parties on one side of the action from all parties on the other side of the action. 28 USC§ 1332; *In re Digimarc Corp. Derivative Litigation*, 549 F3d 1223, 1234 (9th Cir 2008). Removability is "to be determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman v. Jenkins Co.*, 305 US 534, 537 (1939) (citations omitted).

Courts strictly construe the removal statute against removal jurisdiction, "and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), citing *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566; *see also Durham v. Lockheed Martin Corp.*, 445 F3d 1247, 1252 (9th Cir 2006).

When a non-diverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction, that defendant's presence may be ignored. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F3d 756, 761 (9th Cir 2002); *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir 2001). A non-diverse defendant is deemed fraudulently joined "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F3d at 1067.

The removing defendants must establish fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F3d 1203, 1206 (9th Cir 2007).

To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings such as affidavits and deposition testimony. *Morris*, 236 F3d at 1067. A district court must resolve all questions of disputed fact and controlling law against the party seeking removal. *Burden v. General Dynamics Corp.*, 60 F3d 213, 217 (5th Cir 1995).

## FINDINGS

White argues that this case was improperly removed based on diversity jurisdiction because she sues Brock, a non-diverse Oregon defendant. Amedisys responds that removal is appropriate because White cannot state any claim for relief against Brock under settled Oregon law such that her joinder is fraudulent and should be ignored for purposes of diversity jurisdiction.

White seeks to hold Brock liable under ORS 659A.030(1)(g) which makes it unlawful for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under ORS 659A.030. Based on the clear language of the statutes, an "aiding and abetting" claim under that statute may be brought against an individual employee. *Gaither v. John Q. Hammons Hotels Mgmt., LLC*, No. 09-cv-629-MO, slip op at 5 (D Or Sept 3, 2009); *Schram v. Albertson's, Inc.*, 146 Or App 415, 934 P2d 483 (1997). However, Amedisys argues that the statute does not allow an "aiding and abetting" claim against Brock, the primary actor who committed the allegedly unlawful acts against White.

In support, Amedisys cites *Sniadoski v. Unimart of Portland Inc.*, No. 93-cv-1051-MA, 1993 WL 797438 (D Or Oct 29, 1993). In that case, the plaintiff sued both her former employer and supervisor for sexual harassment resulting in her constructive discharge. Based on the lack

5 - FINDINGS AND RECOMMENDATION

of any case directly addressing the question of individual employee liability under ORS 659A.030(1)(g), Judge Marsh resorted to statutory construction and concluded that the plaintiff failed to state a claim against the former supervisor. He noted that "aiding and abetting liability makes little sense against an employee alleged to be an active participant in the asserted harm" and added that "as a pragmatic matter," the statute limits recovery to equitable relief "that may only be satisfied by an employer." *Id* at *2.

In 2007, the Oregon legislature expanded the remedies available under ORS Chapter 659A by allowing compensatory and punitive damages to be awarded in addition to the equitable relief previously available. This change eliminated the pragmatic hurdle identified by Judge Marsh to stating an "aiding and abetting" claim against an employee under the statute.

Several times since the 2007 amendment, this court has directly addressed the viability of "aiding and abetting" claims against employees. In *Gaither*, the plaintiff filed claims against both his former employer for race discrimination under Oregon law and the non-diverse former manager under ORS 659A.030(1)(g) for aiding and abetting that discrimination. He alleged that the former manager was complicit in the plot to fire him and pretextually disciplined and suspended him. To resolve a motion to remand, Judge Mosman rejected the argument that the former manager was fraudulently joined as an aider and abettor because he participated in the unlawful conduct. He acknowledged that "[t]here are undoubtedly situations in which a plaintiff fails to allege aiding and abetting liability against a co-employee, alleging instead only liability as a primary actor, and making *Sniadoski's* concern that you cannot aid and abet yourself relevant." *Gaither*, slip op at p. 6. However, he did not face that situation given the possibility, based on the allegations in the complaint, that the former manager aided and abetted the discrimination and harassment.

6 - FINDINGS AND RECOMMENDATION

In *Chambers v. United Rentals, Inc.,* No. 10-cv-62-AA, 2010 WL 2730944 (D Or July 7, 2010), Judge Aiken also addressed the viability of aiding and abetting claims against employees under ORS 659.030(1)(g) in the context of a motion to remand. She concluded that the question whether plaintiff alleged sufficient facts to allege that his supervisor aided and abetted the employer's unlawful age discrimination "is a question properly addressed by the Oregon courts." *Id* at *2. Because the failure to state a claim against an employee for aiding and abetting the employer was not "obvious according to the settled rules of the state," she remanded the case to state court. *Id*, citing *Morris*, 236 F3d at 1067.

In *Demont v. Starbucks Corp.,* No. 10-cv-644-ST, 2010 WL 5173304, at *5 (D Or Dec 15, 2010), the plaintiff joined several former co-workers and supervisors as aiders and abettors of discrimination and retaliation under ORS 659A.030(1)(g). Citing *Gaither*, Judge Brown noted that the issue for remand "is not whether individual defendants are liable to the plaintiff, but whether a claim against individual defendants is possible under Oregon law." She affirmed the Findings and Recommendation to dismiss several co-workers due to a failure to allege sufficient facts for aiding and abetting the plaintiff's termination, but to allow claims to proceed against two supervisors based on allegations sufficient to demonstrate a possibility of aiding and abetting the plaintiff's termination. *Id,* Findings and Recommendation, pp. 12-13 (docket # 36). Accordingly, remand to state court was granted.

In the most recent decision issued by this court addressing this issue, *Peters v. Betaseed, Inc.,* No. 6:11-cv-06308-AA, 2012 WL 5503617 (D Or Nov. 9, 2012), Judge Aiken granted summary judgment to the plaintiff's manager on a claim for aiding and abetting whistleblower retaliation by the employer under ORS 659A.030(1)(g). She noted that the facts differed from *Gaither* "in one important respect." *Id* at *7. Unlike *Gaither* where "the manager and

7 - FINDINGS AND RECOMMENDATION

employer were separate and distinct, the plaintiff's manager in Peters also was "the executive authority of" the employer who "took action to terminate the plaintiff within his role as president." *Id*.

Here, as in *Gaither*, *Chambers*, and *Demont*, White alleges that Brock, in her capacity as a supervisor, "aided, abetted, or coerced to compel Defendant Amedisys in carrying out the discriminatory conduct" (Complaint, ¶ 19) and the "retaliatory conduct" (*id*, ¶ 31) against her. Unlike *Peters*, there is no indication that Brock was exercising any "executive authority" on behalf of the employer, Amedisys.

However, the Complaint does not clearly allege whether Brock or someone else disciplined and terminated White. It alleges in the passive voice that White "was subject to write-ups, discipline, and retaliation as a result of her failure and refusal to cooperate with what she believed to be a fraudulent reporting practice," "was held to a report transmission standard that other nurses were not required to meet," and "was disciplined for what management viewed as a failure to properly submit transmission." *Id*, ¶¶ 10-12. The Complaint does allege that Brock and Amedisys "created a racially hostile work environment" by holding White "to a standard that they did not hold other non-African-American employees" (*id*, ¶ 18) and a "hostile work environment" in retaliation for her "complaints of discrimination and unlawful practices including requesting that White fraudulently record visits." *Id*, ¶ 31.

Since White is only suing one of her supervisors, namely Brock who allegedly created a hostile work environment, defendants reasonably infer that Brock was the person who discriminated and retaliated against White by disciplining and terminating her for refusing to commit Medicare fraud. Accordingly, defendants argue that that Brock, as the primary actor,

8 - FINDINGS AND RECOMMENDATION

cannot "aid, abet, incite, compel or coerce" her own discriminatory and retaliatory acts in violation of ORS 659A.030(1)(g).

White responds by first pointing out that ORS 659A.030(1)(g) says nothing about excluding employees who are primary actors. That is true, but White ignores the logical and irrefutable point made in both *Sniadoski* and *Gaither* that a person cannot aid and abet herself. Liability depends on who is aiding and abetting whom.

Second, White argues that Brock may be held liable under ORS 659A.030(1)(g) for coercing and compelling White to engage in the unlawful conduct of committing Medicare fraud. However, that argument misconstrues the statutory language making it unlawful for an employee "to aid, abet, compel or coerce the doing of any of the acts forbidden *under this chapter*." The reference to "this chapter" is to ORS Chapter 659A which forbids certain unlawful employment practices. *Schram*, 146 Or App at 422, 934 P2d at 488 ("The plain text of the statute . . . reaches those employees who aid and abet unlawful employment practices.") Thus, an employee may be liable for compelling or coercing employment discrimination or retaliation, but not any and all unlawful conduct, such as Medicare fraud.

Nonetheless, it must be recognized that any employment discrimination and retaliation by Brock against White in the form of unwarranted discipline or termination was done not to benefit herself, but was done on behalf of and within the course and scope of her employment for the employer, Amedisys. A corporate entity, such as Amedisys, can be held liable for committing unlawful employment practices against its employees, such as White, based only on the actions of its agents and employees acting on its behalf, such as Brock. The situation is different if the employee is legally equivalent to the employer, as in a sole proprietorship or arguably when exercising "executive authority" as in *Peters*. In that event, the employee would be aiding and

9 - FINDINGS AND RECOMMENDATION

abetting himself or herself. But if the employee is simply acting on behalf of a separate and distinct employing entity, then he or she could well aid, abet, compel or coerce that employer's unlawful employment practices. The statute's reference to both employers and employees, without further qualification, supports this broad reading. This conclusion does open the door to claims against a host of employees who, in their role as supervisors, take adverse employment actions another their subordinates, but such claims are not clearly barred by the language in ORS 659A.030(1)(g) or by any Oregon case law.

Given the lack of settled Oregon law in this area, this court finds that White has alleged sufficient facts to demonstrate a possibility that Brock could be found liable for aiding and abetting the alleged unlawful employment discrimination and retaliation by Amedisys in violation of ORS 659A.030(1)(g). As a result, Brock is not fraudulently joined, and her presence as a defendant precludes diversity jurisdiction.

## II. Retaliation for Opposing Unlawful Discrimination (Second Claim)

There is an additional reason for remanding this case due to lack of diversity jurisdiction which was not addressed by the parties.

The Second Claim alleges retaliation for opposing unlawful discrimination in violation of ORS 659A.030(1)(f) which makes it unlawful "[f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified, or assisted in any proceeding under this chapter or has attempted to do so." The plain language of this statute prohibits retaliation by "any person," a term which does not distinguish between employers and employees. It is a fundamental rule of statutory construction that "use of a term in one section and not in another section of the same statute indicates a purposeful omission." *King Estate*

10 - FINDINGS AND RECOMMENDATION

*Winery, Inc. v. Dep't of Revenue*, 329 Or 414, 422, 988 P2d 369, 373 (1999). With the exception of subsection (g) discussed above, every other subsection of ORS 659A.030(1) clearly indicates whether it applies to an employer (subsections (a) and (b)), labor organization (subsection (c)), or employment agency (subsections (d) and (e)). Thus, the legislature's use of the phrase "any person" in subsection (f) is significant and, given its plain meaning, subsection (f) applies to any person, including employers and employees.

As previously noted, the allegations in the Complaint are unclear whether Brock took any disciplinary action against White. However, White does allege that Brock retaliated against her by creating a hostile work environment. Complaint, ¶ 30. Therefore, White states a claim against Brock under ORS 659A.030(1)(f) independently of any aider and abettor liability under ORS 659A.030(1)(g). Accordingly, she is not fraudulently joined, and her presence as a defendant precludes diversity jurisdiction.

### III.  Attorney Fees

White requests an award of attorney fees and costs incurred to remand this case. This court may exercise its discretion to award attorney fees to reimburse plaintiffs for unnecessary costs associated with the motion to remand. 28 USC § 1447(c); *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F3d 1212, 1215 (9th Cir), *cert denied*, 531 US 992 (2000). However, absent unusual circumstances, attorney fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 US 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F3d 996, 999 (9th Cir 2006).

Given the unsettled law in Oregon concerning the extent of employee liability for aiding and abetting employment discrimination under ORS 659A.030(1)(g) and the prior cases decided by this court, the failure to state a claim against Brock was not obvious. Because defendants did

11 - FINDINGS AND RECOMMENDATION

not have an objectively reasonable basis for removal, attorney fees and costs incurred to remand this matter should be awarded to White. *Demont*, 2010 WL 5173304 at * 5 (awarding attorney fees incurred as a result of defendants' improper removal).

## RECOMMENDATION

For the reasons discussed above, plaintiff's Motion to Remand (docket # 6) should be GRANTED, attorney fees and costs should be awarded to plaintiff, and this case should be remanded to state court.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 4, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

///

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of December, 2012

                                          s/ Janice M. Stewart_____
                                          Janice M. Stewart
                                          United States Magistrate Judge